**SO ORDERED.**

**SIGNED this 23 day of July, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

| | |
|---|---|
| RICKARD B. MERCER, | CASE NO. 09-04088-8-JRL |
| DEBTOR. | Chapter 11 |

RICKARD B. MERCER,

    PLAINTIFF,

    v.

THE BANK OF CURRITUCK,

    DEFENDANT.

ADVERSARY PROCEEDING
NO. L-09-00221-8-JRL

THE BANK OF CURRITUCK,

    THIRD-PARTY PLAINTIFF,

    v.

SEA HORSE REALTY AND
CONSTRUCTION, INC.,

    THIRD-PARTY DEFENDANT.

**ORDER**

The matter before the court is the debtor's motion for partial summary judgment. A

hearing was held in Raleigh, North Carolina on June 30, 2010.

## JURISDICTION

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## SUMMARY OF THE PROCEEDINGS

1. On May 18, 2009, the debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The debtor operates as debtor-in-possession under 11 U.S.C. § 1107(a).

2. This adversary proceeding was filed by the debtor to determine the validity of the lien asserted by The Bank of Currituck ("the bank") on real property owned by the debtor.

3. On January 29, 2009, the debtor filed a motion for partial summary judgment, seeking to avoid the bank's lien under 11 U.S.C. §§ 544(a)(1) and 1107(a) as unenforceable against the debtor-in-possession because the lien was not properly perfected at the time of the debtor's bankruptcy filing.

4. The bank responded to the debtor's motion and requested additional time to conduct discovery. After discovery was completed, the bank filed a revised brief in opposition to the debtor's motion for partial summary judgment. The bank asserts that genuine issues of material fact exist as to whether the debtor operated Sea Horse Realty and Construction, Inc. ("Sea Horse") as an alter ego of himself, such that the corporate veil

should be pierced and Sea Horse's actions imputed to the debtor-in-possession.

## UNDISPUTED FACTS

1. On July 13, 2005, Frank and Shirley Panetta executed a general warranty deed to the debtor conveying certain real property located in the Southern Shores subdivision in Dare County, North Carolina ("the property"). The general warranty deed was recorded in the Dare County Register of Deeds in Book 1647 at Page 107 on August 22, 2005.

2. Sea Horse executed a promissory note payable to the bank in the original principal amount of $323,000 on August 19, 2005. The debtor signed the note as maker on behalf of Sea Horse as president of the corporation. He also signed the note as personal guarantor in his individual capacity.

3. In conjunction with the promissory note, Sea Horse executed a deed of trust in favor of the bank, which attempted to grant a security interest in the property as collateral for the note. The debtor signed the deed of trust as president of Sea Horse, with Sea Horse listed as grantor. The debtor did not sign the deed of trust in his individual capacity.

4. The deed of trust was recorded in the Dare County Register of Deeds in Book 1647 on Page 108 on August 22, 2005.

5. At the time the deed of trust was executed, Sea Horse was not the record owner of the property.

6. In August of 2006 and 2007 and in June of 2008, Sea Horse modified the note and the deed of trust to extend the term of the note. The 2006 modification of the note and deed of trust was recorded in the office of the Dare County Register of Deeds in Book 1698 on Page 481 on August 30, 2006. The 2007 modification was recorded in the office of the

        Dare County Register of Deeds in Book 1741 on Page 326 on August 29, 2007. The 2008 modification was recorded in the office of the Dare County Register of Deeds in Book 1747 on Page 319 on July 23, 2008.

7. The debtor personally guaranteed the 2006 and 2007 note modifications, but he did not guarantee the 2008 note modification.

8. On the dates that Sea Horse entered into the modification agreements, Sea Horse did not own the property.

9. The debtor was the record owner of the property at all times.

10. Neither the deed of trust nor the modifications are in the property's chain of title.

## **STANDARD OF REVIEW**

        Under Federal Rule of Civil Procedure 56(c), incorporated by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986). The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In making this determination conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## ANALYSIS

The debtor seeks to invalidate the bank's deed of trust because it was not executed by the record owner of the property and is not in the property's chain of title. Asserting that the deed of trust is defective under North Carolina law, the debtor argues that its position as a hypothetical lien creditor under 11 U.S.C. § 544(a)(1) gives the debtor-in-possession standing to invalidate the bank's purported lien on the property. Conceding that the deed of trust is defective, the bank argues the debtor operated Sea Horse as a mere alter-ego of himself, such that the corporate veil should be pierced and Sea Horses's actions imputed to the debtor. In support, the bank points to discovery responses stating that, despite the debtor's knowledge that the property was titled in his name only and his understanding that he was personally obligated on the note,[1] Sea Horse provided the consideration to purchase the property, paid the property taxes, and made payments on the note.[2]

North Carolina General Statute § 47-20 provides that a deed of trust conveying an interest in real property is invalid as against lien creditors or purchasers for value until such time as the deed is properly recorded in the county register. N.C.G.S. § 47-20(a) (2007). Essentially, North Carolina is a pure "race" state, where "no notice, however full and formal, will supply the place of registration." Fifth Third Mortg. Co. v. Miller, 690 S.E.2d 7, 9 (N.C. Ct. App. 2010) (quoting Lowery v. Wilson, 214 N.C. 800, 804 (1939)). While a properly registered deed

---

[1] The debtor asserts that he was unaware that the note and the deed of trust had been executed by Sea Horse, rather than himself, until shortly before the chapter 11 filing.

[2] The bank also asserts that the debtor was always aware that the deed was executed by Sea Horse and is guilty of fraud, but these claims are not at issue in this motion for partial summary judgment.

5

provides "constructive notice to all the world," a defective deed of trust "imports no constructive notice and will be treated as if unregistered." Id. (quoting Lowery, 214 N.C. at 804, New Home Bldg. Supply Co. v. Nations, 259 N.C. 681, 687 (1963)). Moreover, registration of a defective deed "is ineffective to pass title and may be regarded as a nullity as to subsequent purchasers or encumbrancers." Id. (holding that an inaccurate property description renders a deed of trust defective and invalid against good faith purchasers for value) (quoting Cowan v. Dale, 189 N.C. 684 (1925) (finding that an improperly acknowledged deed is void against execution creditors)).

Sections 1107(a) and 544(a) of the Bankruptcy Code permit a debtor-in possession to assume the positions of hypothetical lien creditor and bona fide purchaser, with rights arising upon the filing of the bankruptcy petition. Under North Carolina law and 11 U.S.C. § 544(a)(3), reformation of a defective deed of trust may be appropriate, where the debtor-in-possession acting as bona fide purchaser had notice of the conveyance. See In re Hartman Paving, Inc., 745 F.2d 307, 309 (4th Cir. 1984); see also Fifth Third, 690 S.E.2d at 10. However as a hypothetical lien creditor under § 544(a)(1), prior knowledge or notice of the debtor-in-possession is irrelevant. See, e.g., 11 U.S.C. 544(a)(1); In re Millerburg, 61 B.R. 125, 127-28 (Bankr. E.D.N.C. 1986).

Furthermore, under North Carolina's recording requirements, which entitle purchasers and encumbrancers to rely on the status of the public record, veil-piercing cannot be used to undo the rights of an intervening lien creditor where the public record does not import constructive notice of the prior conveyance.[3] Den-Mark Props. LLC v. Suntrust Bank (In re

---

[3] The bank was unable to cite a single case to support the application of veil-piercing to upset the priority of a lien on real property.

Den-Mark Props. LLC), No. 08-04084-8-RDD, 2009 WL 917963 (Bankr. E.D.N.C. March 27, 2009). In Den-Mark Properties, the debtor-in-possession sought to invalidate a deed of trust on the grounds that the deed was not executed by the record property owner. The bank argued that the debtor-in-possession should be estopped from invalidating the lien because the property was owned by an entity operated as an alter-ego of the debtor, such that reformation of the deed of trust was appropriate to effectuate the parties' intent. Finding that the bank's right to reformation was cut off upon the filing of the debtor's bankruptcy petition under § 544(a)(1), Denmark Properties holds that an alter-ego claim is irrelevant under North Carolina's recording requirements when the public record would not put a reasonably prudent person on notice that the property's chain of title was incomplete or incorrect. Id.

The facts that support the debtor-in-possession's priority as a hypothetical lien creditor are wholly undisputed. Title to the property was conveyed to the debtor and validly recorded in July of 2005. Sea Horse, grantor under the deed of trust and obligor under the note, executed the deed of trust and subsequent modifications, but Sea Horse did not own the property sought to be conveyed. Although the debtor signed the documents on behalf of Sea Horse, as president of the corporation and as guarantor of the note, he did not execute the deed of trust as "grantor" in his individual capacity as the record owner of the property. Thus the court finds that the deed of trust conveying a security interest in the property to the bank is defective and invalid, as it is not in the property's record chain of title and does not import constructive notice of the encumbrance. As a hypothetical lien creditor under § 544(a)(1), the debtor-in-possession is entitled to invalidate the bank's defective deed of trust; reformation of the deed is not appropriate. Because veil-piercing is irrelevant, no genuine issue of material fact exists as to the

debtor's motion for partial summary judgment.

Based on the foregoing, the debtor's motion for partial summary judgment is GRANTED. The deeds of trust and modification agreements recorded in the Dare County Register of Deeds in Book 1647, Page 108; Book 1698, Page 481; Book 1741, Page 326; and Book 1774, Page 319 do not encumber the property of the debtor.

**"END OF DOCUMENT"**